*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RIA THURMOND,

        Plaintiff-Appellant,

v

WINFIRE CAPITAL LLC and J & L PARKING LLC,

        Defendants,

and

10 PETERBORO PARTNERS LDHA LLC and METROPOLIS MICHIGAN LLC,

        Defendants-Appellees.

UNPUBLISHED
January 14, 2026
9:37 AM

Nos. 370780 and 372653
Wayne Circuit Court
LC No. 22-009154-NO

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

In these consolidated appeals, plaintiff appeals by right the trial court's order denying her motion for reconsideration in Docket No. 370780, and by leave granted the trial court's order granting defendants' motion for costs in Docket No. 372653.[1] We reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose after plaintiff fell in a parking lot while walking to her car after work. Plaintiff filed suit alleging negligence and public nuisance. While Count I of plaintiff's complaint

---

[1] *Thurmond v Winfire Capital LLC*, unpublished order of the Court of Appeals, entered January 24, 2025 (Docket Nos. 370780 and 372653).

-1-

was titled "General Negligence," it contended that plaintiff fell as a result of a "defect in the parking lot . . . containing loose gravel, pot holes [sic], uneven concrete, and was significantly different in road grade[,]" and alleged defendants failed to inspect and keep the parking lot in reasonable repair. Defendants[2] moved for summary disposition, arguing that plaintiff improperly pleaded general negligence when her claims sounded solely in premises liability, and, even in the context of premises liability, her claim failed. Relevant here, defendants argued plaintiff failed to show that defendants had notice of the alleged hazard and also failed to establish causation where she could not identify the exact cause of her fall. The trial court granted the motion, noting that plaintiff had failed to establish causation because her testimony varied as to whether she fell on loose pavement, loose gravel, or cracked pavement. Plaintiff moved for reconsideration, which the trial court denied. The trial court also granted defendants' motion for costs as a result of plaintiff's rejection of their earlier offer of judgment under MCR 2.405. Plaintiff now appeals.

## II.  SUMMARY DISPOSITION

Plaintiff argues that the trial court erred when it found her testimony about causation to be speculative. We agree.

## A.  STANDARD OF REVIEW

We review a trial court's grant of summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).[3] As our Supreme Court has explained:

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery.

> A motion under MCR 2.116(C)(10), on the other hand, tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact

---

[2] Plaintiff initially filed suit against defendants Winfire Capital LLC and J & L Parking LLC, but later amended her complaint to include defendants-appellees 10 Peterboro Partners LDHA LLC and Metropolis Michigan LLC. The only defendants at issue on appeal are 10 Peterboro and Metropolis. Thus, they will be referred to generally as "defendants."

[3] While plaintiff appeals the trial court's order denying reconsideration, her arguments on appeal appear to be challenging its grant of summary disposition in the first instance.

exists when the record leaves open an issue upon which reasonable minds might differ.  [*Id*. at 159-160 (quotation marks, emphases, and citations omitted).]

## B.  ANALYSIS

The trial court found that plaintiff's description of the alleged hazard that caused her fall varied between loose gravel, uneven pavement, and cracked pavement.  But this variation in testimony does not undermine the fact that plaintiff was claiming that she fell at a specific, degraded area of the parking lot, which consisted of all the different factors she mentioned.  The trial court correctly noted that, while plaintiff could "show causation circumstantially," the circumstantial evidence "must facilitate reasonable inferences of causation, not mere speculation." *Skinner v Square D Co*, 445 Mich 153, 163-164; 516 NW2d 475 (1994).  As our Supreme Court has noted:

> As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference.  There may be 2 or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any 1 of them, they remain conjectures only.  On the other hand, if there is evidence which points to any 1 theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.  [*Id*. at 164 (quotation marks and citation omitted).]

Plaintiff provided a photograph taken the day after her fall that depicts a particular area of the parking lot made up of uneven pavement, loose gravel, and other similar forms of debris. During her deposition, she directed defense counsel to the same area of the parking lot from an aerial image, and did not waver in her testimony that it was the general dilapidated state of that specific area that caused her fall.  This evidence points to "1 theory of causation, indicating a logical sequence of cause and effect, . . . notwithstanding the existence of other plausible theories with or without support in the evidence."  *Id*. (quotation marks and citation omitted.)[4]

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick

---

[4] Because we reverse the trial court's grant of summary disposition and remand for further proceedings, its decision to award costs to defendants based on the outcome of the case is necessarily also reversed.